MANRIQUE, PLAINTIFF AND APPELLANT, *v.* MANGUAL ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action of Debt.

No. 2087.—Decided February 10, 1920.

OBLIGATION—NOVATION—PLEADING.—When a matured obligation is substituted by another for a new term under conditions that alter the obligation substan-

tially, the original obligation is extinguished by novation and a complaint filed prior to the maturity of the new obligation is premature and does not state facts sufficient to constitute a cause of action.

The facts are stated in the opinion.

The appellant appeared *pro se.*

*Mr. F. González Fagundo* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by plaintiff Cipriano Manrique from a judgment of the District Court of Humacao of June 24, 1919, dismissing the complaint on the ground that it did not state facts sufficent to constitute the cause of action asserted.

The complaint was filed March 1, 1918, and the plaintiff alleged therein that on November 14, 1916, defendant Julio Mangual signed and delivered to the plaintiff a promissory note for the sum of $1,418.48 payable to the order of the plaintiff on May 31, 1917, with interest at 12 per cent, for value received as the result of a sale of fertilizer to the said defendant, the note being copied into the complaint; that Julio Mangual bought of the plaintiff on account certain agricultural implements valued at $68.70, which he also agreed to pay on May 31, 1917, with interest at 12 per cent; that neither personally nor by agent had Julio Mangual paid the said sums of money in whole or in part; that the plaintiff made various efforts to collect from Mangual the two sums mentioned, aggregating $1,487.18, and the interest due thereon; that on or about the 28th day of December, 1917, Prudencio Euguí, another of the defendants, agreed to pay to the plaintiff for account of defendant Mangual, in part payment of the sum of $1,487.18 and interest, the sum of $1,200 in two installments of $600 each, the first on June 30, 1918, and the second on June 30, 1919, said Euguí undertaking to secure the said payments on the dates mentioned by promissory notes signed by him and his co-defendant Mangual and payable to the plaintiff's order; that on or about the 28th day of December, 1917, co-defendant Antonio Reyes

agreed to pay to the plaintiff on June 30, 1918, the sum of $100 to be applied on account of the payment due and payable by Mangual on May 31, 1917, and to secure the payment of the $100 by a note to be signed by him and made payable to the plaintiff's order; that in order to pay off the whole debt and the interest accrued, defendant Mangual, on December 28, 1917, agreed to pay to the plaintiff the sum of $515.52 and to secure the same by a note to be signed by him payable to the plaintiff's order; that the obligations contracted by defendant's Euguí, Reyes and Mangual were entered into jointly by the said defendants for the purpose of extinguishing the debt of $1,487.18 due from defendant Mangual, the amount of interest accruing on the respective dates having been computed in order to show the balance to be paid by Mangual; that the three defendants agreed to sign and deliver to the plaintiff on January 3, 1918, the four promissory notes that were to secure the amounts due from them, but that they failed to do so notwithstanding the fact that repeated demands had been made therefor.

The complaint contains other allegations that were stricken out by an order of the court of July 31, 1918, and concludes with a prayer for judgment against the defendants for the $1,487.18 due and payable by Mangual, together with interest at the stipulated rate until date of payment, and the costs, expenses and plaintiff's attorney fees.

Defendants Julio Mangual and Prudencia Euguí demurred to the complaint on the ground that it did not state facts sufficient to determine a cause of action and the court sustained the demurrer. As said before, by a judgment of June 24, 1919, the court dismissed the complaint with the costs against the plaintiff.

The lower court held that the original obligations of defendant Julio Mangual to plaintiff Cipriano Manrique were extinguished by novation and that the substituted obligations had not yet matured.

The appellant contends that the lower court erred in hold-

ing that the original obligations of Mangual were extinguished by novation as well as that the action was premature because the new obligations sued for in the complaint had not matured, and maintains that the agreement of December 28, 1917, only extended the maturity dates of the original obligations, added the accrued interest to the principal and secured the payment of a part of said obligations, for which reasons, instead of having been extinguished, the said obligations remained effective and are still binding and unpaid notwithstanding the said modifications.

We are not convinced by the argument of appellant Manrique, for he himself alleges in his complaint that the obligations contracted by the defendants on December 28, 1917, were *for the purpose of extinguishing the original obligation* of defendant Julio Mangual, and the plaintiff directs his action of debt against the three defendants based on the agreements of December 28, 1917, for he prays for judgment not only against Mangual but also Euguí and Reyes for the amount claimed.

The original obligation of November 14, 1916, due on May 31, 1917, was extinguished not only by the express consent of the parties but by substitution of the person of the debtor, according to sections 1124, 1171 and 1172 of the Civil Code. Co-defendants Euguí and Reyes were not merely sureties for the payment of Mangual's original debt, but in combination with Mangual they contracted new debts and changed the conditions of the original obligation. But even supposing that Mangual's original obligation, due on May 31, 1917, had not been extinguished, the time for payment was extended by virtue of the subsequent agreements until June 30, 1918, and June 30, 1919, and as the complaint was filed on March 1, 1918, the obligation was not due on that date and therefore was not actionable according to the provision of section 1092 of the Civil Code that "Obligations, the fulfillment of which has been fixed for a day certain, shall only be demandable when the proper day arrives."

And the appellant cannot be heard to invoke in his behalf the provision of section 1096 of the said code that the debtor shall lose all right to profit by the period, if after contracting the obligation it should appear that he is insolvent, unless he gives security for the debt, or if he does not give to the creditor the guaranties stipulated.

The allegations of the complaint upon which the appellant rests his contention that Mangual became insolvent after contracting the subsequent obligations of December 28, 1917, were stricken out by the court's order of July 31, 1918, and have no value for the purposes of his argument, particularly as the correctness of that action of the court has not been questioned in this court. As regards the fact that Mangual, Euguí and Reyes had not furnished the guaranties promised by them in the agreement of December 28, 1917, that is, the notes showing the obligations contracted by them, such notes cannot be considered as lawful security but only as evidence of the debts contracted, for, according to section 1221 of the Civil Code, the said debts existed independently of the notes.

The plaintiff brought his action against the three defendants on the very theory that they were bound by their agreement of December 28, 1917, and he is estopped from pleading the invalidity of that obligation based on the provisions of section 1096 of the Civil Code.

For the foregoing reasons the judgment appealed from should be

                                                        *Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.